# HENRY G. CARTWRIGHT

## v.

## ELMER ELLIOTT.

*Malicious Prosecution—Want of Probable Cause—Whether Malice a Legal Inference Therefrom—Damages.*

1. Upon the case presented, this court holds that there was sufficient evidence to warrant the jury in finding that the defendant acted without probable cause in causing the arrest of plaintiff complained of, but that there was no evidence to justify the finding of actual malice.

2. Malice may be inferred from want of probable cause, but does not necessarily follow as a legal inference.

3. Where defendant in an action for malicious prosecution is found guilty, he should pay all actual damages; but where he is free from actual malice the punishment should be slight.

[Opinion filed December 12, 1892.]

APPEAL from the Circuit Court of La Salle County; the Hon. DORRANCE DIBELL, Judge, presiding.

Messrs. MAYO & WIDMER, for appellant.

Mr. M. T. MOLONEY, for appellee.

MR. JUSTICE LACEY. This was a suit in case by appellee against appellant for malicious prosecution. The verdict was for appellee in the sum of $1,000, but, on requirement of the court, the latter remitted the sum of $250, and upon overruling a motion for a new trial, the court rendered judgment against appellant for the balance. This appeal is brought to reverse the judgment for various errors assigned. The facts in the case in regard to arrest complained of, was that the appellant, being possessed of a set of harness kept in his barn, had it stolen therefrom on the 11th of August, 1889. The harness had been purchased from one Schoch. The appellant commenced an immediate search for the ·

harness to ascertain who had taken it. The appellee resided about three-quarters of a mile distant and the appellant thought he discovered that the harness had been taken toward the former's house; the signs were the dragging of the tugs through the litter. The harness was dragged in the direction of appellee's house, as appellant thought, to near the line fence between him and appellee, and appellant then went on the highway for a considerable distance east and west of appellee's house to see if the harness had crossed the road or had been carried along the road, but could find no trace of it. The harness supposed to be stolen was left in Ottawa, by a man calling himself Billy Meyers, at the harness shop kept by Haynes, to be cleaned, and Schoch, who made the harness, identified it as appellant's harness. The party leaving it was to come after it the following Saturday. The appellant, being notified, came to Ottawa on the following Saturday, August 31st, arriving late in the evening, and obtained a description from Schoch, of the man who brought the harness to Ottawa. The description of the man given by Schoch resembled clearly that of appellee, with the exception that the man spoke broken English, and Schoch took him to be a German, whereas appellee spoke good English. Appellant swears that he did not hear Schoch say he took him for a German but that he had an impediment in his speech. Fred Seifert, with whom the harness was left at Haynes' shop, gave the same description of the man leaving it as given by Schoch, except he said nothing about his taking him for a German or of any impediment of speech. Appellant also learned from Seifert that the harness was brought to the shop in a side bar top buggy with an apron over the back part to be strapped on, so as to cover things placed in the back part of the buggy; that some of the straps were broken and that the buggy was neither an old nor a new one. Appellant also ascertained that appellee was in Ottawa that day with a horse and buggy answering the description of the one given him by Seifert. The appellant then went to see George Blake, the state's attorney, at his house, to lay the matter before him, to see what course to

pursue; not finding Blake at home he came back and saw James J. Conway at White's Hotel, who was a practicing attorney at the La Salle County bar. The facts were detailed by appellant to Conway, and his advice asked, and Conway advised him to have appellee arrested. The next Monday a warrant was sworn out by appellant before the police magistrate charging appellee with the larceny. The arrest followed, and appellee was taken from about three miles from his home and taken to Ottawa, and remained in care of the sheriff about an hour, when Schoch and Seifert came to see him, and failing to identify him as the man who left the harness at Haynes' shop, he was released at appellant's order. This suit was then commenced to recover for the false imprisonment above stated. The appellant and appellee had formerly lived on adjoining farms and never had any trouble or difficulty; the appellant at the time of the trial lived in Ottawa, having retired from the farm. The appellee was a young man of about thirty to forty years of age, and had always borne a good reputation for honesty, and both parties to this suit had lived in the same neighborhood for many years. Conway testified that appellant told him nothing of what Schoch told him, but only what Seifert told him in regard to the man who left the harness. We think under all the circumstances of the case that the jury were justified in finding that appellant acted hastily and without probable cause in swearing out the warrant for the arrest of appellee on the charge of burglary; and perhaps would not have been justified in finding the other way.

There was evidence tending to show that the appellant was not careful enough in his investigation of the facts and circumstances, and was not thorough enough in making all necessary inquiry. But after a careful perusal of all the evidence, we are satisfied that the jury were not justified in finding that there was any actual malice on the part of the appellant in swearing to the complaint on which the warrant issued. There can be no doubt that he had lost the harness by the theft of some one, and that he made an effort to find out who took them; that he took the advice of a

practicing attorney in good standing, as to whether he was justified in commencing the prosecution against appellee, and he also made an effort to see the state's attorney in regard to the matter. Now, the law is that if there is want of probable cause, the jury, under all the evidence and circumstances in evidence, may or may not find malice existing on the part of the defendant. And if the jury find there is no malice notwithstanding there is want of probable cause, the verdict should be for the defendant. If there is malice in connection with want of probable cause, then the verdict should be for the plaintiff. It can not be denied that there was some evidence showing justification on appellant's part in swearing out the warrant, and tending to make out a *prima facie* case. If there was any ground for the jury to find malice, it was that the appellant failed to use reasonable care in making his investigations as to who committed the crime, and that he acted on too slight evidence. This would be in the nature of a legal inference of malice arising solely from the want of probable cause, and it may be regarded as a question of doubt, all the decisions of our Supreme Court being considered, whether malice in law is not always inferable from the want of probable cause. Some of the earlier decisions seem to so hold, and other and later ones seem to hold that malice may be inferred from want of probable cause, but does not necessarily follow as a legal consequence. This latter doctrine may be regarded as probably established. The law favors the prosecution of crime, and where an honest mistake is made by the party making the complaint, he ought not to be punished for such a mistake, even though his care in making the investigation of the evidence was not quite up to the required standard; but if found guilty under such circumstances, his punishment should be light.

The defendant, of course, should pay all actual damages where he is found guilty, but where he is free from actual malice the judgment should be slight. There should be a wide difference between the punishment of one who has failed to slightly use ordinary care, and who acts without justi-

fiable cause and without malice in fact, and one who is intent on doing another a wrong and makes use of the criminal process for the purpose of gratifying his hatred and ill will. Every case should be governed by its own facts and decided according to the dictates of reason and equity. The verdict in this case of $1,000 was grossly excessive and was still so after the remittitur. · If there was any right of recovery at all under the evidence, the facts called for only a very moderate verdict.

The instructions five and ten, given for appellee, are not erroneous; the fifth, that malice may be inferred from want of probable cause, is correct, and the tenth, that exemplary damages may be given in proper case, is also correct.

We feel that this case ought to be submitted to another jury. The judgment is reversed and the cause remanded.

*Judgment reversed and remanded.*